UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHIQUITA BENNETT )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL S. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>   Defendant. ) | Case No: 1-07-CV-252<br>MATTICE/CARTER |

<u>REPORT AND RECOMMENDATION</u>

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of the plaintiff's motion for judgment on the pleadings (Doc.15) and the defendant's motion for summary judgment (Doc. 20).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

<u>Plaintiff's Age, Education, and Past Work Experience</u>

Plaintiff is a younger individual, age 35 at the time of the administrative hearing, with a high school education and one and one half years at a community college. (Tr. 53, 395). She has past relevant work as a cashier, a job the vocational expert classified as light and unskilled (Tr.

405).

## Applications for Benefits

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on October 7, 2004, alleging disability as of June 1, 2003, due to a back impairment (Tr. 41, 53-54, 68). Plaintiff's insured status, for purposes of eligibility for DIB, expired on December 31, 2003 (Tr. 41), and to receive DIB, Plaintiff had to establish that she was disabled on or before that date. *See* 42 U.S.C. §§ 416(i)(3) and 423(a)(1). The Agency denied Plaintiff's claims initially and upon reconsideration (Tr. 45-46, 48-51). Following a hearing, an ALJ issued a decision on December 9, 2006, finding Plaintiff not disabled because she could perform her past relevant work as a cashier (Tr. 22). The Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner (Tr. 5-8). Plaintiff seeks judicial review of this decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review - Findings of the ALJ

Disability is defined as the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §423(d)(1)(A). The burden of proof in a claim for Social Security benefits is upon the claimant to show disability. *Barnes v. Secretary, Health and Human Servs.*, 743 F.2d 448, 449 (6th Cir. 1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978). Once, however, the plaintiff makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience.

*Richardson v. Secretary, Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary, Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Secretary, Health and Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

When additional evidence has been submitted to the Appeals Council after the ALJ issued his decision, this evidence cannot be considered by a reviewing court in determining whether substantial evidence supports the ALJ's decision; rather, this additional evidence can only be considered to determine whether a remand pursuant to sentence six of 42 U.S.C. § 405(g) is appropriate. *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993).

As the basis of the decision of December 9, 2006, that plaintiff was not disabled, the ALJ made the following findings:

1. The claimant meets the disability insured status requirements of the Act

3

through December 31, 2003.

2. The claimant has not engaged in substantial gainful activity since June 1, 2003, the alleged onset date.

3. The claimant has the following severe impairments: degenerative disc disease status-post remote surgery with rod placements and human immunodeficiency virus (HIV+) infection.

4. The claimant's does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform unskilled light work activity, such as she performed in her past work as a cashier II.

6. The claimant is capable of performing past relevant work as a cashier II. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a "disability," as defined in the Social Security Act, at any time from June 1, 2003 through the date of this decision.

(Tr. 18-22).

## Issue Presented

The only issue raised by Plaintiff is whether the evidence submitted after the ALJ's decision warrants remand pursuant to sentence six of 42 U.S.C. § 405(g).

## Review of Evidence

Plaintiff alleges disability as of June 1, 2003, due to a back impairment (Tr. 53, 68). About two years after her alleged onset date, in mid-2005, Plaintiff was found to be HIV positive (Tr. 335). Hal Hill, M.D., an infectious disease specialist, prescribed a variety of medications (Tr. 336). In the years 2005 and 2006, Dr. Hill repeatedly documented Plaintiff's missed appointments and noted she was sometimes non-compliant with medications (Tr. 325-34).

4

In November 2006, William Findley, M.D., wrote a "to whom it may concern" letter (Tr. 345). He indicated that Plaintiff had been his patient since 1998. Dr. Findley wrote that Plaintiff had a permanent rod in her spine, which limited what she could do physically. He also noted that Plaintiff had "active Aids and is being treated by infectious disease. This also limits her physically and emotionally as what she can do. I think she is permanently disabled from being gainfully employed." In his opinion the ALJ points out that Dr. Findley's treatment notes were not provided (Tr. 20). In rejecting Dr. Findley's opinion the ALJ explains:

> "Thus, I have considered Dr. Findley's conclusory treating opinion that the claimant is "permanently disabled from being gainfully employed." Dr. Findley's opinion, which lacks any specificity, is inconsistent with the objective and clinical findings and with other opinion of record. Thus, I afford it little weight."

In a decision dated December 9, 2006, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform unskilled light work (Tr. 19). The ALJ determined that this RFC finding proved consistent with the objective medical evidence, Plaintiff's daily activities, and her response to treatment (Tr. 19-21). Given this RFC, the ALJ concluded that Plaintiff could perform her past relevant work as a cashier and thus was not disabled (Tr. 22).

Plaintiff subsequently filed a request for review of the ALJ's decision (Tr. 12). In conjunction with that review, she submitted to the Appeals Council a questionnaire signed by Dr. Findley on March 12, 2007 (Tr. 382-85). Dr. Findley listed Plaintiff's impairments as AIDS, fatigue syndrome, degenerative disc disease, severe pain, depression, and anxiety (Tr. 382). When asked whether Plaintiff's condition was terminal (which was defined as an impairment that cannot be reversed and is expected to end in death), Dr. Findley checked a box indicating "yes"

(Tr. 382). When asked to provide a brief description of the terminality with reference to objective evidence, Dr. Findley responded "as above & you have all records on file including specialist that she attends" (Tr. 382).

The Appeals Council considered this additional evidence, but declined Plaintiff request for review (Tr. 5-8). As a result, the ALJ's decision stands as the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

Analysis

*(1) Does the evidence submitted after the ALJ's decision warrant remand pursuant to sentence six of 42 U.S.C. § 405(g)?*

Plaintiff asserts that there is new and material evidence to support her disability claim. As Plaintiff acknowledges, in order to remand a case for further consideration of additional evidence, plaintiff must show that the additional evidence is new and material and there is good cause for her failure to incorporate such evidence in the record during the prior proceedings. *See* 42 U.S.C. § 405(g); *Cline v. Commissioner of Social Security*, 96 F.3d 146, 149 (6th Cir. 1996); *Casey*, 987 F.2d at 1233. Good cause is shown when the claimant gives a valid reason for failing to obtain relevant evidence prior to the hearing. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Additional evidence is material only if it creates a "reasonable probability" that the ALJ would have reached a different conclusion on the issues of disability if he had been presented with the additional evidence. *See Sizemore v. Sec'y. of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Additional evidence is new if it was not in existence or available to the claimant at the time of the administrative proceedings. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The party seeking remand has the burden to show that remand is appropriate. *See*

*Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). In this case, plaintiff does not demonstrate that remand is warranted based on the additional evidence.

After the October 27, 2006 administrative hearing Plaintiff submitted additional medical evidence: 1) a November 13, 2006 letter from Dr. Findley, and 2) a March 2007 Physical Ability Opinion Form (Tr. 344, 345 and Tr. 382-385). The November 13, 2006, letter was submitted to the ALJ and considered by him in his opinion. The medical source statement/physical ability opinion form originated after the ALJ's decision.

On these facts, Plaintiff does not meet the requirements for a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g). As set out above, in order for a reviewing court to remand a case for consideration of additional evidence, the claimant must show that the evidence is new, material, and good cause must exist for the prior failure to incorporate the evidence into the record. 42 U.S.C. § 405(g); *Cotton*, 2 F.3d at 696. The ALJ considered the November 12, 2006 letter opining Plaintiff was "permanently disabled from being gainfully employed" but found it to lack specificity and inconsistent with the objective and clinical findings and with other opinion of record (Tr. 21). The Physical Ability Opinion Form is new in the sense that it did not exist at the time of the hearing. However there must be good cause for her prior failure to incorporate it into the record, and it must be material or her attempt at remand must fail. Additional evidence is only material if it concerns the claimant's condition prior to the ALJ's hearing decision. *Oliver v. Sec'y of Health and Human Servs.,* 804 F.2d 964, 966 (6th Cir. 1986). Moreover, for the additional evidence to be material, there must be a reasonable probability that the ALJ would have reached a different conclusion regarding the disability claim if presented with the new evidence. *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). I

7

will address the required elements for remand in turn.

*Is the evidence new?*

Additional evidence is new if it was not in existence or available to the claimant at the time of the administrative proceedings. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Plaintiff has not met her burden of establishing the newness requirement of sentence six. Plaintiff asserts otherwise, claiming, in a one-sentence argument, that Dr. Findley's report was new "because it was not before the ALJ and is not duplicative of evidence that was before the ALJ." (Plaintiff's Brief at 4). Although Dr. Findley's opinion was written after the date of the ALJ's decision, the information contained in his report was available earlier, and as such, it does not satisfy the newness requirement of sentence six. *See Jens v. Barnhart*, 347 F.3d 209, 214 (7th Cir. 2003) ("Although the report had not yet been written at the time of the ALJ's decision, the information summarized in the report appears to have been in existence.")

*Is the evidence material?*

The Commissioner argues Plaintiff has not satisfied the materiality requirement of sentence six. To satisfy the materiality requirement, Plaintiff was required to show that there was a "reasonable probability" that the ALJ would have reached a different conclusion on the issue of disability if he had been presented with the additional evidence earlier. *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Here, in his decision, the ALJ concluded that Plaintiff retained the ability to perform unskilled light work and was not disabled because she could perform her past relevant work as a cashier (Tr. 19-22). In reaching his conclusion, the ALJ considered Dr. Findley's November 2006 opinion that Plaintiff was disabled, but did not credit it because it lacked specificity, proved inconsistent with the

substantial record evidence, and lacked the support of any treatment notes (Tr. 20-21, 345). Dr. Findley's later March 2007 Physical Ability Opinion Form that was first submitted to the Appeals Council was more specific in stating his opinion of Plaintiff's exertional limitations. However it was not supported by any treatment records (Tr. 382-85). His March 2007 opinion did not reference any objective medical evidence to support that opinion. In fact, Dr. Findley acknowledged that another doctor, a specialist (Dr. Hill), was providing treatment for Plaintiff's AIDS (Tr. 382). I agree with the Commissioner that given the lack of support for Dr. Findley's March 2007 opinion, Plaintiff has failed to show that there was a "reasonable probability" that the ALJ would have reached a different conclusion on the issue of disability if he had been presented with this additional evidence. Additional evidence is material only if it concerns Plaintiff's condition prior to the date of the ALJ's decision. *See Oliver*, 804 F.2d at 966. Here, Dr. Findley offered his opinion in March 2007, about three months after the date of the ALJ's decision. He did not refer to any particular examination as the basis for his opinion, so one cannot be certain whether this opinion relates back to the time prior to the decision but it appears to. Of course, to the extent that Plaintiff claims that her condition worsened, the appropriate remedy would then be to file a new application for benefits, not to seek a remedy pursuant to sentence six. *See Sizemore*, 865 F.2d at 712. In any event, even if the opinion does relate back, because it is not supported by any additional treatment records, I conclude there is not a reasonable probability the ALJ would have reached a different conclusion based on this new report. Therefore, Plaintiff has not satisfied the materiality requirement.

9

*Was good cause shown?*

Plaintiff does not address the "good cause" requirement of sentence six. *See* Plaintiff's Brief at 4-5. Dr. Findley's Physical Ability Opinion Form was written three months after the date of the ALJ's decision. Plaintiff has not explained why she could not have obtained this opinion earlier. *See Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) (Even though additional evidence was prepared after the date of the final Agency decision, the good cause requirement was not satisfied because the claimant did not provide a valid reason for his failure to obtain and submit the evidence earlier); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence before the ALJ."). As the Commissioner argues, Dr. Findley began treating Plaintiff in 1998, about eight years before the date of the ALJ's decision, and periodically provided treatment thereafter. Plaintiff obtained an opinion from Dr. Findley in November 2006 and submitted it to the ALJ after the administrative hearing (Tr. 345). The ALJ, however, did not credit this conclusory opinion because it lacked specificity, proved inconsistent with the substantial record evidence, and lacked the support of any treatment notes (Tr. 20-21). In response to the ALJ's decision, Plaintiff obtained a second opinion from Dr. Findley, attempting to remedy the deficiencies in his earlier opinion. *See* Plaintiff's Brief at 4-5. However, Plaintiff's efforts to obtain additional evidence to address concerns in the ALJ's decision does not satisfy the good cause requirement. *See Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997) ("Perkins has not shown good cause for his failure to seek out and include Dr. Reich's evaluation into the earlier record. The mere fact that Dr. Reich devoted a part of his report to a critique of the ALJ's opinion, which obviously could not have been done before the

opinion issued, does not amount to good cause; such a rule would amount to automatic permission to supplement records with new evidence after the ALJ issues a decision in the case, which would seriously undermine the regularity of the administrative process.").

Here the Physical Ability Opinion Form prepared 90 days after the ALJ's decision, sets out in greater detail the physician's opinion of Plaintiff's limitations. There is no cause given for why this opinion was not provided before the ALJ's decision. No good cause has been shown. As set out in *Oliver*, it is well established the party seeking remand has the burden of showing remand is proper under the sixth sentence of 42 U.S.C. § 405(g). Without a showing of good cause as to why the offered evidence was not provided before the decision, remand cannot be allowed.

## Conclusion

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude there is substantial evidence in the record to support the findings of the ALJ and decision of the Commissioner and remand is not warranted on these facts.

Accordingly, I RECOMMEND:

(1) The plaintiff's motion for judgment on the pleadings (Doc. 15) be DENIED.

(2) The defendant's motion for summary judgment (Doc. 20) be GRANTED.[1]

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

(3) The case be DISMISSED.

Dated:  November 6, 2008        *s/William B. Mitchell Carter*
                                UNITED STATES MAGISTRATE JUDGE